Morris YAVITCH and Gerald Yavitz, Appellants,

v.

Benjamin SEEWACK, Appellee.

No. 17573.

United States Court of Appeals
Ninth Circuit.

Oct. 9, 1963.

Fulwider, Mattingly & Huntley, and Francis A. Utecht, Los Angeles, Cal., for appellants.

Herzig & Walsh, and Albert M. Herzig, Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge.

This was a suit alleging infringement of United States Letters Patent No. 2,-780,303 and Reissue Patent No. Re. 24,690. The defense was (a) lack of notice as to the Reissue Patent; (b) lack of invention; (c) lack of infringement; (d) invalidity for vagueness; (e) invalidity for overclaiming; (f) invalidity because of prior art; (g) file wrapper estoppel; (h) invalidity of the Reissue Patent oath. Defendant also counterclaimed, alleging an antitrust violation by an abuse of an alleged patent monopoly. In an amended answer and counterclaim, defendant claimed the existence of additional prior art (including plaintiffs' earlier Patent No. 2,705,542), and as additional defenses (i) prior use for more than one year, and (j) double patenting, in view of Patent No. 2,705,542.

Appellant called their Patent No. 2,780,303 a "Device for Testing Bath Cabinet Shower Pans for Leakage."

Their earlier Patent No. 2,705,542 had been called a "Shower Drain."

Shower pans placed in homes under construction, in order to comply with many building codes, were required to be leak-proof under actual tests. To test for leaks, the drain holes and drainage plumbing would be stopped or plugged up (usually with temporary plug material, such as rags, or sometimes cement), and the shower pans flooded. If leaks developed, the shower pans would be drained by pulling the plugs, the leak supposedly repaired, and water again placed in the shower pans for another test.

Appellants devised a scheme to avoid reaching with a pair of pliers for the rag plug (a distance of four to six inches, through the standing water), described by appellants as "the dynamite technique" and as "a difficult and time consuming job."

Appellants described the workings of their invention as follows:

"Referring to Figure 1 of Re. 24,690, the patentee Yavitch eliminated the 'dynamite' technique by providing a

metal combination shower drain and testing device including a base member 1 secured to the lower wall 30 of the shower pan 28. The base member is formed at its upper portion with threads 8 that removably receive a test pipe or nipple 19 having a cap 22 on its upper end. In testing the shower pan 28 for leakage, the test pipe 19 is screwed into threads 8. Thereafter, water is admitted to the confines of the shower pan 8 to a level above that of the shower drain itself, as indicated in Fig. 1. If no leakage is observed the plumber simply unscrews the test pipe 19 and permits the water to drain from the confines of the shower pan through drain pipe 23. Inasmuch as the upper end of the test pipe 19 extends above the water level during a test, the plumber can quickly and easily remove the test pipe without even getting his hands wet. The use of the cap 22 on the upper end of the test pipe 19 permits the drainage piping 23 to be pressurized with water from below whereby the entire drainage plumbing can be tested for leakage as well as the shower pan itself."

Appellants obtained Patent No. 2,705,-542 on April 5, 1955, for a shower drain. Nowhere is it alleged that this patent had been infringed. As appellants state, "there is no controversy relative to this patent set forth in any pleading or pre-trial order." Yet the court below found a charge of infringement made by appellants against appellee as to that patent, and found it invalid for lack of invention. (Finding 8, Tr. p. 76.)

■ The basis for the suit charging infringement made by appellants against appellee was Defendant's Exhibit A (letter of March 20, 1957), mentioning *both* Patents No. 2,705,542 and No. 2,780,303. Subsequently a second letter charged infringement *only* as to No. 2,780,303 (letter of June 5, 1957; Defendant's Exhibit AD). The issue as defined by the pleadings, the pretrial order and the actual trial of the case, however, did not include any reference to infringement of earlier Patent No. 2,705,542.

The finding (a) that this Patent No. 2,705,542 was charged to have been infringed, (b) that it was invalid for lack of invention, and (c) invalid for vagueness and indefiniteness, and (d) invalid for prior invention, were issues not properly before the trial court, and the Findings of Fact 8, 9, 10, 14, 17, 18, 19 and 20 were therefore improper, insofar as they refer and relate to said Letters Patent No. 2,705,542.

■ Further, with respect to Patent No. 2,780,303, and Reissue Letters Patent No. Re. 24,690, which were in issue, said Finding 10 is not detailed enough to advise this court of the difference between the claimed invention and the prior art; nor is Finding 9 detailed enough to advise this court wherein lies the vagueness or indefiniteness of the claimed invention; nor does Finding 8 show how or in what manner or respect the claimed inventions were not inventions, and how and why they did not require any exercise of the inventive facilities for their production. Rule 52(a), Fed.R.Civ.P. Welsh Co. of Cal. v. Strolee of California, 9 Cir., 1963, 313 F.2d 923; Bergman v. Aluminum Lock Shingle Corp., 9 Cir., 1957, 251 F.2d 801, 809; National Lead Co. v. Western Lead Products Corp., 9 Cir., 1961, 291 F.2d 447.

Appellee Seewack has not cross-appealed. He has filed a "Statement" with respect to a *third* patent, reading:

"Defendant-appellee in this case requests the Court to consider Finding of Fact No. 25 and Conclusion of Law No. 7 of the District Court, finding defendant-appellee's patent No. 2,859,452 invalid and paragraph 4 of the judgment of the District Court finding this patent of the defendant-appellee invalid. This patent was not before the Court, having been merely offered in evidence as an exhibit and there was no justiciable controversy with respect to it.

"Defendant-appellee offers the same statement and argument with

respect to this patent as made by the plaintiff-appellant on page 6 of its brief relative to its patent No. 2,-705,542. It is submitted that the holding of invalidity of the defendant-appellee's patent is reversible error which should now be ruled on by the Court on its own motion if necessary."

We know of no authority allowing us to consider appellee's "Statement," but if we did, we know of no way whereby the trial court could have found appellee's patent invalid.

The judgment is reversed, and the matter remanded for a retrial in light of what has here been said.